IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., trustee,<br><br>*Plaintiffs,*<br><br>v.<br><br>MLW CAPITAL INVESTMENTS, LTD., a Texas limited partnership; MLW CAPITAL MANAGERS, LLC, a Texas limited liability company; and MLW OPERATORS, LLC, a Texas limited liability company,<br><br>*Defendants.* | Case No. 18-cv-7380<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., one of its present trustees, for a cause of action against Defendants, allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq.* This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Rosemont, Illinois.

**PARTIES**

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant MLW Capital Investments, Ltd ("MLW Capital Investments") is a limited partnership organized under the laws of the State of Texas.

8. Defendant MLW Capital Managers, LLC ("MLW Capital Managers") is a limited liability company organized under the laws of the State of Texas.

9. Defendant MLW Operators, LLC ("MLW Operators") is a limited liability company organized under the laws of the State of Texas.

-3-

**BACKGROUND INFORMATION**

A.  **The Ramp Management Controlled Group.**

10. Non-party Ramp Management, LLC ("Ramp Management") is or was a limited liability company organized under the laws of the State of Texas.

11. On or about May 2, 2015, Michael J. Willis ("Mr. Willis") owned, directly or indirectly, at least 80% of the total membership interest, profits interest and/or capital interest of Ramp Management.

12. On or about May 2, 2015, Mr. Willis and his spouse collectively owned, directly or indirectly, at least 80% of the profits interest and/or capital interest of MLW Capital Investments.

13. On or about May 2, 2015, Mr. Willis and his spouse collectively owned, directly or indirectly, at least 80% of the total membership interest, profits interest and/or capital interest of MLW Capital Managers.

14. On or about May 2, 2015, Mr. Willis and his spouse collectively owned, directly or indirectly, at least 80% of the total membership interest, profits interest and/or capital interest of MLW Operators.

15. By virtue of 26 C.F.R. § 1.414(c)-4(b)(5)(i), a regulation promulgated under the MPPAA, Mr. Willis is considered to own his spouse's ownership interests in MLW Capital Investments, MLW Capital Managers and MLW Operators on or about May 2, 2015.

16. MLW Capital Investments, a limited partnership, filed its Certificate of Formation with the Office of the Secretary of State of Texas in April 2013.

17. Upon formation, MLW Capital Investments applied for and was issued a federal employer identification number.

18. On or about May 2, 2015, MLW Capital Investments was in the business of, among other things, leasing one or more parcels of real property comprising a ranch located in Baird, Texas, to MLW Operators, upon on which MLW Operators conducted its business operations.

19. Since no later than April 2013, MLW Capital Investments has regularly and continuously conducted business operations, including leasing the ranch to MLW Operators and managing other assets for the purpose of generating income or profit.

20. MLW Capital Investments filed Texas Franchise Tax Public Information Reports with the Office of the Secretary of State of Texas for the years 2016 and 2017.

21. MLW Capital Investments has filed tax returns each year since its formation.

22. MLW Capital Investments maintains a bank account.

23. MLW Capital Managers, a limited liability company, filed its Certificate of Formation with the Office of the Secretary of State of Texas in April 2013.

24. MLW Capital Managers' Certificate of Formation provided that the purpose of its formation was "for the transaction of any and all lawful purposes for which a limited liability company may be organized under the Texas Business Organizations Code."

25. Upon formation, MLW Capital Managers applied for and was issued a federal employer identification number.

26. Since no later than April 2013, MLW Capital Managers has regularly and continuously conducted business operations, including managing assets for the purpose of generating income or profit.

27. MLW Capital Managers filed Texas Franchise Tax Public Information Reports with the Office of the Secretary of State of Texas for the years 2014 through 2017.

28. MLW Capital Managers has filed tax returns each year since its formation.

29. MLW Operators, a limited liability company, filed its Certificate of Formation with the Office of the Secretary of State of Texas in April 2013.

30. MLW Operators' Certificate of Formation provided that the purpose of its formation was "for the transaction of any and all lawful purposes for which a limited liability company may be organized under the Texas Business Organizations Code."

31. Upon formation, MLW Operators applied for and was issued a federal employer identification number.

32. On or about May 2, 2015, MLW Operators was in the business of conducting guided hunting excursions on the ranch leased to it by MLW Capital Investments.

33. Since no later than April 2013, MLW Operators has regularly and continuously conducted business operations, including conducting guided hunting excursions and operating the ranch for the purpose of generating income or profit.

34. Additionally, since no later than April 2013, MLW Operators has generated income from its business operations and incurred business expenses.

35. MLW Operators filed Texas Franchise Tax Public Information Reports with the Office of the Secretary of State of Texas for the years 2014 through 2017.

36. MLW Operators has filed tax returns each year since its formation.

37. MLW Operators maintains a bank account.

38. Based on the common control established in paragraphs 11 through 15 and the facts set forth in paragraphs 16 through 37, on or about May 2, 2015, Ramp Management, MLW Capital Investments, MLW Capital Managers and MLW Operators were a group of trades or businesses under common control (the "Ramp Management Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

**B.   The Ramp Management Controlled Group's Withdrawal Liability.**

39. The Ramp Management Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

40. During all relevant periods of time, Ramp Management was bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters under which Ramp Management was required to make contributions to the Pension Fund on behalf of certain of its employees.

41. The Pension Fund determined that on or about May 2, 2015, the Ramp Management Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

42. As a result of this complete withdrawal, the Ramp Management Controlled group (including Ramp Management, MLW Capital Investments, MLW Capital Managers and MLW Operators) incurred joint and several withdrawal liability to the Pension Fund in

the principal amount of $8,617,423.67 (the "Withdrawal Liability"), as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

43. On or about November 18, 2015, the Ramp Management Controlled Group, through Ramp Management, received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice demanded full payment of the entire amount of the Withdrawal Liability by December 1, 2015, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2) of the Pension Fund's Pension Plan. The amount demanded was $8,617,423.67, the balance owed at that time on the Withdrawal Liability.

44. The Ramp Management Controlled Group did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund became due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

45. The Ramp Management Controlled Group failed to remit the Withdrawal Liability payment to the Pension Fund.

**C.  The Pension Fund's Judgment Against Ramp Management.**

46. On October 10, 2016, the Pension Fund and its sister fund, the Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health and Welfare Fund") filed suit against Ramp Management in the United States District Court for the Northern District of Illinois in a case entitled *Central States, Southeast and Southwest Areas Pension Fund, et al. v. Ramp Management, LLC*, Case No. 16-CV-

9610, to collect, among other things, the Withdrawal Liability, plus interest and statutory damages (the "Lawsuit").

47. On March 9, 2017, a consent judgment was entered in the Lawsuit in favor of the Pension Fund and against Ramp Management for the Withdrawal Liability in the total amount of $10,923,095.63, plus post-judgment interest (the "Judgment").[1]

48. To date, the full amount of the Judgment remains due and owing to the Pension Fund.

## CLAIM FOR RELIEF

49. Plaintiffs reallege and incorporate by reference paragraphs 1-48 as and for paragraph 49 of this Complaint.

50. MLW Capital Investments, MLW Capital Managers and MLW Operators, as members of the Ramp Management Controlled Group, are jointly and severally liable to the Pension Fund for the Withdrawal Liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment in favor of the Pension Fund and Arthur H. Bunte, Jr. as trustee, and against MLW Capital Investments, MLW Capital Managers and MLW Operators, jointly and severally, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

    (i) $8,617,423.67 in withdrawal liability;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by

---

[1] Additional amounts were also awarded to the Pension Fund and the Health and Welfare Fund for unpaid contributions.

JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

(iii) an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

(iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Brandon A. Buyers*
Brandon A. Buyers (ARDC #06312454)
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018
847-939-2464
bbuyers@centralstatesfunds.org

November 7, 2018                                    *ATTORNEY FOR CENTRAL STATES*